Vose & al., *Executors, versus* Holcomb.

An assignment by a debtor, (made while the Act of April 1, 1836, was in force and unamended,) of his property for the benefit of his creditors, was void, if it required from the creditors, becoming parties thereto, a release from their demands, except so far as provided for in the assignment.

Such a *release*, embodied in such an assignment, was inoperative and void.

A creditor, having made such a release in such an assignment, is not estopped or precluded from repudiating it, though he may have received several partial payments under the assignment.

ASSUMPSIT for money paid by the plaintiff's testator prior to June 20, 1842, as surety for the defendant who relied, in defence, upon the covenants executed by the testator and others, in a general assignment of the defendant's property, made on said 20th of June, for the benefit of his creditors. The covenants were to accept the provision made in the assignment and release the defendant from all claims. Under that assignment, the testator received four dividends at different times.

The trial was before WELLS, J. The defendant submitted to a default. If, in the opinion of the court, the action is not maintainable, the default is to be stricken out, and a nonsuit entered.

For the defendant it was contended —

1. That the release was a contract which it was competent for the parties to make ; and was effectual at the common law, although the *assignment* might not be valid under the statute of 1836.

2. A creditor may voluntarily execute a release to his debtor. Having done so, the release is not invalidated by the mere fact that it was incorporated into, or connected with, an assignment of the debtor's property. *Fiske* v. *Carr,* 20 Maine, 301.

3. The plaintiffs' testator, having become a party to the assignment, and received his dividends under it, shall now be estopped to deny its validity. 1 Greenl. Ev. sect. 207, and cases cited ; *Roe* v. *Jerome,* 18 Conn. 138 ; *Middleton Bank* v. *Jerome, ib.* 443 ; *Brown* v. *Wheeler,* 17 Conn. 345 ; *Ken-*

*ney* v. *Farnsworth, ib.* 355 ; *L'Aoreux* v. *Vischer,* 2 Comstock, 278.

SHEPLEY, C. J. — The defendant made an assignment for the benefit of his creditors, containing a clause, by which they were required to release all their claims, while the Act approved on April 1, 1836, was in force without amendment.

The plaintiff's testator became a party to that assignment, and received dividends upon his claim by virtue of it.

Such assignments have been adjudged by this court to be illegal.

It is however insisted, that one, who has become a party to such an assignment and has received dividends under it, cannot be permitted to object to its validity, and the case of *Fisk* v. *Carr,* 20 Maine, 301, is relied upon.

That case was determined before it was decided in the case of *Pearson* v. *Crosby,* 23 Maine, 261, that an assignment containing such a release was illegal.

The other cases cited in defence show, that when one person has induced another to believe in the existence of a certain state of facts, and to act upon that belief to his own injury, if the facts should prove to be otherwise, he will be estopped or precluded from denying the existence of such state of facts.

That principle is not applicable to a case like the present. It does not appear, that the testator induced the defendant to make such an assignment or to believe, that it would be a legal one. The statute determines, what shall be the legal effect of their proceedings, irrespective of their signatures and acts. If parties could by their signatures and acts, make such an assignment valid and effectual between themselves, they would be enabled to repeal the provisions of the act so far as to make an instrument effectual for many, and it may be for most purposes, which the act declares shall not be valid.

When the act declares, that no assignment shall be valid, except the provisions of the act be complied with, it does not refer to an assignment or instrument, drawn and signed by

one party only, but to an assignment however perfected and in whatever stage of the proceedings, it may be introduced.

*Judgment on the default.*